Filed 8/1/13  P. v. Miller CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B242973 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA014304) |
| v. | |
| JUSTIN THOMAS MILLER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Charles A. Chung, Judge.  Appeal treated as a petition for writ of habeas corpus and denied.

California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director, and Richard B. Lennon, Staff Attorney, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Marc A. Kohm and Alene M. Games, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Justin Thomas Miller appeals from an order of the trial court denying his motion to award additional presentence credit. Defendant contends that although his probation was revoked on a different case and he was sentenced on that case while he was awaiting his trial in the present case, he should have been given credit in the present case for his entire period of custody, from arrest until sentencing on the present case. We conclude the order was not appealable, but treat the appeal as a petition for writ of habeas corpus and deny the petition for failure to make a prima facie showing of entitlement to additional credit.

## BACKGROUND

In 1997 a jury convicted Justin Thomas Miller of assault with a firearm, discharging a firearm from a motor vehicle, and possession of a firearm by a convicted felon. The jury further found that he used a firearm in the commission of the first two offenses and committed all three offenses in association with a criminal street gang. The trial court sentenced him to 18 years in prison and awarded no presentence credit. We affirmed his conviction on appeal, but agreed that the firearm-use enhancement had been improperly imposed on his conviction for discharging a firearm from a motor vehicle and remanded for resentencing. (*People v. Miller* (B118884) [nonpub. opn.].) Upon remand, the trial court sentenced defendant to 17 years in prison and directed the Department of Corrections to calculate defendant's credits. Defendant again appealed, and we affirmed. (*People v. Miller* (B139535) [nonpub. opn.].)

The California Appellate Project apparently filed an ex parte motion to correct defendant's presentence credits, and on November 20, 2000, the trial court awarded defendant a total of 104 days of presentence credit, consisting of 91 days of actual custody time and 13 days of conduct credit.

On May 14, 2012, defendant filed a motion for presentence credit, asking the trial court to award him 159 days for actual custody, citing and attaching pages from his probation report prepared for both the present case and case No. MA012399. The

2

recommendation of the reporting deputy probation officer was "that the defendant be sentenced to state prison with pre-imprisonment credit of 159 days . . . ."

On June 26, 2012, the trial court denied defendant's motion, stating, "The motion is denied for failure to state a prima facie case for relief.  The defendant was arrested on 6/28/97 and sentenced in cased [*sic*] number MA012399 on 9/26/97, which entitled him to 91 days actual credit, plus good time/work time credits."

Defendant appealed on July 27, 2012.

## DISCUSSION

Defendant contends the trial court erred by denying his motion, arguing he was entitled to 159 days of presentence credit because his sentences on the present case and the prior case were to run concurrently.

A threshold issue raised by the Attorney General is appealability.  As noted, the trial court, pursuant to defendant's motion, awarded presentence credits against the sentence in the current case on November 20, 2000.  Defendant had a right to appeal the ruling on that order (*People v. Gainer* (1982) 133 Cal.App.3d 636, 642), but failed to do so.  He instead appeals from a second motion filed in the trial court a year and one-half later.  "He cannot now allege claims of error, which should have been raised at an earlier time [citation].  To permit this would allow [defendant] to greatly extend the period for filing an appeal through bootstrapping." (*People v. Lynn* (1978) 87 Cal.App.3d 591, 593.)  Accordingly, we conclude the court's order is not an appealable order but is reviewable by means of a petition for writ of habeas corpus.  Although no petition for writ of habeas corpus has been filed in this court, in the interests of judicial economy, we will treat this appeal as a petition for writ of habeas corpus. (*People v. Garrett* (1998) 67 Cal.App.4th 1419, 1423.)

Penal Code section 2900.5 governs the circumstances in which custody credits will be awarded.  Subdivision (a) of that section provides, in pertinent part, that "[i]n all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including . . . any time spent in a jail, . . . all days of custody of the

3

defendant . . . shall be credited upon his or her term of imprisonment . . . ." Subdivision (b) of Penal Code section 2900.5 further states, "For the purposes of this section, credit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed."

A defendant is not entitled to credit for presentence confinement unless he shows that the conduct that led to the sentence against which he seeks credit "was the *true and only unavoidable basis* for" his loss of liberty during the presentence period. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1192 (*Bruner*).) "[W]here a period of presentence custody stems from multiple, unrelated incidents of misconduct, such custody may not be credited against a subsequent formal term of incarceration if the prisoner has not shown that the conduct which underlies the term to be credited was also a 'but for' cause of the earlier restraint. Accordingly, when one seeks credit upon a criminal sentence for presentence time already served and credited on a parole or probation revocation term, he cannot prevail simply by demonstrating that the misconduct which led to his conviction and sentence was 'a' basis for the revocation matter as well." (*Id.* at pp. 1193–1194.) The defendant must prove that the conduct that "led to the sentence was a dispositive, or 'but for,' cause of the presentence custody." (*Id.* at p. 1180.)

As stated by the trial court, defendant has not shown a prima facie case for relief. He based his claim of error in the award of credits upon a statement in the probation report, but failed to show that "but for" the conduct giving rise to his conviction and sentence in the present case, he would not have been in custody for his probation revocation in case No. MA012399. Although he argues on appeal that his probation was revoked in case No. MA012399 "as a result of this arrest," nothing in the record establishes the nature of the violations that caused the trial court to revoke his probation. There may have been one or more grounds in addition to the conduct giving rise to the charges in the present case. Notably, the probation report pages upon which defendant

4

relied revealed that he was convicted by a jury in the present case on November 5, 1997, whereas, according to the trial court, he had been sentenced in case No. MA012399, following probation revocation, on September 26, 1997.  The mere asserted concurrence of the terms imposed (a matter the appellate record does not demonstrate) does not lead to a different result.  The parole revocation and new sentence terms in *Bruner*, *supra*, 9 Cal.4th at page 1181, were concurrent, yet the court concluded Bruner had not made the requisite showing.

Accordingly, defendant failed to make a prima facie showing that he is entitled to additional credit.

### DISPOSITION

We treat the appeal as a petition for writ of habeas corpus and deny the petition.

NOT TO BE PUBLISHED.


MALLANO, P. J.

We concur:


CHANEY, J.


JOHNSON, J.

5